1  SUE CAMPBELL
   Attorney at Law, Bar Number 98728
2  1155 N. First Street, Suite 101
   San Jose, California 95112
3  (408) 277-0648        E-FILING

4  Attorneys for Plaintiffs

                                            **Filed**

                                            MAY 1 6 2008

                                            RICHARD W. WIEKING
                                            CLERK, U.S. DISTRICT COURT
                                            NORTHERN DISTRICT OF CALIFORNIA
                                            SAN JOSE

8               UNITED STATES DISTRICT COURT

9               NORTHERN DISTRICT OF CALIFORNIA

10 CARLOS LUJAN AND RYAN O'BRIEN          CASE NO.  C08 02523
   AS TRUSTEES OF THE NORTHERN
11 CALIFORNIA DISTRICT COUNCIL OF         COMPLAINT FOR MONEY
   LABORERS LOCAL UNION #270 HEALTH       ON A BREACH OF
12 & WELFARE TRUST FUND; DENTAL           COLLECTIVE
   FUND, VACATION FUND, UNION             BARGAINING AGREEMENT
13 ADMINISTRATION FUND, PLASTERERS        VIOLATION OF ERISA
   PROMOTION FUND, PENSION I FUND,
14 AND PENSION II FUND; AND LABORERS
   LOCAL UNION #270 HOD CARRIERS
15 DIVISION,

16              Plaintiffs,

17 vs.

18 LVI ENVIRONMENTAL SERVICES, INC.,
   a California Corporation, dba
19 ICONCO/LVI DEMOLITION SERVICES,

20              Defendants.

21

22          COME NOW Plaintiffs, by their attorney, Sue Campbell, and allege and show

23 to the Court as follows:

24          1. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. Sections 185,

25 1132.

26          2.  Plaintiffs CARLOS LUJAN AND RYAN O'BRIEN are trustees and

27 fiduciaries of the NORTHERN CALIFORNIA DISTRICT COUNCIL OF LABORERS

28

                               1
               _____
                            COMPLAINT

1   LOCAL UNION #270 HEALTH & WELFARE TRUST FUND; DENTAL FUND,
2   VACATION FUND, UNION ADMINISTRATION FUND, PLASTERERS PROMOTION
3   FUND, PENSION I FUND, AND PENSION II FUND.

4        3.  The NORTHERN CALIFORNIA DISTRICT COUNCIL OF LABORERS
5   LOCAL UNION #270 HEALTH & WELFARE TRUST FUND; DENTAL FUND,
6   VACATION FUND, UNION ADMINISTRATION FUND, PLASTERERS PROMOTION
7   FUND, PENSION I FUND, AND PENSION II FUND hereinafter "Funds", are Taft-Hartley
8   funds as defined at 29 U.S.C. Section 186 and "employee pension benefit plans" as defined at
9   29 U.S.C. Section 1002(1), (2).

10       4.  Plaintiff LABORERS LOCAL UNION #270 HOD CARRIERS DIVISION
11  is an unincorporated labor organization organized and existing under the laws of California.

12       5.  The Defendant LVI ENVIRONMENTAL SERVICES, INC., a California
13  Corporation, dba ICONCO/LVI DEMOLITION SERVICES, is an employer as defined in 29
14  U.S.C. Section 1002(5).  The Defendants were at all times mentioned herein and now are
15  authorized to do business in the State of California, and further, that they are now authorized
16  to do business and are actually doing business in the County of Alameda, State of California.

17       6.  At all times material hereto, there have been in full force and effect collective
18  bargaining agreements covering the wages, hours and conditions of employment of certain
19  employees of the Defendants.  True and correct copies of the executed signature page and
20  collective bargaining agreement are attached hereto and incorporated herein by reference as
21  Exhibit A.

22       7.  By its terms, the aforementioned collective bargaining agreement requires
23  the Defendants to make payments to certain Funds (Health & Welfare, Pension I, Pension II,
24  Vacation, Dues Check-off, Mason Tender, Masonry Institute) for each hour worked by
25  employees covered by said collective bargaining agreement.  The Pension Trust Fund is
26  authorized to collect for these funds. The agreement further provides that such payments are
27  to be made not later than the 20th day of each month following the month for which payment
28

2

COMPLAINT

1  is made.

2         8.  The LABORERS LOCAL UNION #270 HOD CARRIERS DIVISION is

3  authorized to collect wages due for employees.

4         9.  The aforementioned collective bargaining agreement also provides that the

5  Defendant will abide by the terms of the Trust documents establishing the Funds, as well as the

6  rules and regulations adopted by the trustees.

7         10.  In accordance with the trust documents and rules and regulations of the

8  Funds, as adopted by the trustees as well as the terms of the collective bargaining agreement,

9  liquidated damages are assessed on late payments at the rate of 10% of the amount due if the

10  payment is not received by the 20th of the month following the month incurred.

11         11.  The aforementioned collective bargaining agreement further provides that

12  if legal action must be taken to recover amounts due the Funds, the Defendant will pay the

13  actual and reasonable attorney's fees incurred by the Funds, and all court costs.  29 U.S.C.

14  Section 1132 also requires the Defendant to pay such fees and costs.

15         10.  An audit of the payroll records of the Defendant for the period January 1,

16  2006 through June 7, 2007, revealed the following amounts due to the Funds in contributions,

17  liquidated damages, interest at 10% from November 2006 through June 2007, plus additional

18  interest at 10% from July 1, 2007 to February 1, 2008, on the wages and contributions:

19

| Contributions | Wages | Liquidated Damages | Interest | Audit Fees | Total |
|---|---|---|---|---|---|
| $9,923.65 | $5,425.68 | $992.36 | $649.86 | $900.00 | $17,899.20 |

22         11.  Plaintiffs, through their agents, have made demand for payment but

23  Defendants have failed to make any payments of the amount owed to date.

24         12.  Plaintiffs' actual attorney's fees and costs will not be known until after this

25  matter is concluded.

26         WHEREFORE, Plaintiffs pray this Court:

27         1.  Award the Plaintiffs judgment in the amount of $9,923.65 in fringe benefits,

28

COMPLAINT

1  $5,425.68 in wages, audit fees of $900.00; $992.36 in liquidated damages, $649.86 in interest

2  through June 2007, plus additional interest at the rate of 10% percent per annum, plus an

3  amount to be submitted to the Court at the time of entry of judgment as attorney's fees plus their

4  costs and disbursements in this action, all pursuant to 29 U.S.C. Section 1132(g)(2);

5        2.  Award to Plaintiffs such other relief as this Court shall deem appropriate.

6

7  Dated this ⁄4 day of May 2008

8

9

10  SUE CAMPBELL
    Attorney for Plaintiffs

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

# NORTHERN CALIFORNIA MASON TENDERS

# AGREEMENT

# JULY 1, 2000, through JUNE 30, 2005

## BY AND BETWEEN

## LABOR RELATIONS COMMITTEE OF THE



**CALIFORNIA CONFERENCE OF MASON CONTRACTOR ASSOCIATIONS, INC.**
7844 Madison Avenue, Suite 140, Fair Oaks, California  95628
PHONE:  (916)  966-7666
FAX: (916) 966-1411

## AND



**NORTHERN CALIFORNIA DISTRICT COUNCIL OF LABORERS**
affiliated with the
Laborers International Union of North America,
American Federation of Labor-CIO, Building and Metal Trade Departments
402 - 37th Street, Richmond, California  94805
PHONE:  (510)  237-6132
FAX: (510) 232-9295

T A B L E   of   C O N T E N T S

| | | | | PAGE | |
|---|---|---|---|---|---|
| PARTIES TO AGREEMENT AND DEFINITIONS: | | | | PAGE | 1 - 2 |
| ARTICLE | I | - | COVERAGE AND RECOGNITION | PAGE | 2 - 3 |
| ARTICLE | II | - | UNION SECURITY | PAGE | 3 |
| ARTICLE | III | - | HIRING HALL PROVISIONS | PAGE | 4 - 6 |
| ARTICLE | IV | - | NO CESSATION OF WORK | PAGE | 6 |
| ARTICLE | V | - | WAGES AND FRINGE CONTRIBUTIONS | PAGE | 6 - 10 |
| ARTICLE | VI | - | TOOLS AND WORKING CONDITIONS | PAGE | 10 |
| ARTICLE | VII | - | VACATION PROGRAM & DUES SUPPLEMENT | PAGE | 11 |
| ARTICLE | VIII | - | HEALTH & WELFARE TRUST FUND | PAGE | 11 |
| ARTICLE | IX | - | PENSION TRUST FUND | PAGE | 11 |
| ARTICLE | X | - | ALL TRUST FUNDS | PAGE | 12 |
| ARTICLE | XI | - | TRAVEL EXPENSE and SUBSISTENCE | PAGE | 12 |
| ARTICLE | XII | - | SAFETY | PAGE | 13 - 14 |
| ARTICLE | XIII | - | HOLIDAYS - MAKE UP DAY ON SATURDAY | PAGE | 14 |
| ARTICLE | XIV | - | HOURS, SHIFT WORK and WORKING RULES | PAGE | 14 - 16 |
| ARTICLE | XV | - | JOINT BOARD | PAGE | 17 |
| ARTICLE | XVI | - | WORK STOPPAGE | PAGE | 17 - 18 |
| ARTICLE | XVII | - | AUTHORIZED PICKET LINES | PAGE | 18 |
| ARTCILE | XVIII | - | STEWARDS | PAGE | 18 - 19 |
| ARTICLE | XIX | - | MASONRY INSTITUTE | PAGE | 19 |
| ARTICLE | XX | - | STATE & FED. PREVAILING WAGE PROJECTS | PAGE | 19 |
| ARTICLE | XXI | - | CASH BOND CONTRIBUTION | PAGE | 19 - 21 |
| ARTCILE | XXII | - | PENSION FUNDS FOR LOCAL UNION #270 | PAGE | 21 |
| ARTICLE | XXIII | - | GENERAL SAVINGS CLAUSE | PAGE | 22 |
| ARTICLE | XXIV | - | AMENDMENTS TO THIS AGREEMENT | PAGE | 22 |
| ARTICLE | XXV | - | TERM OF THIS AGREEMENT | PAGE | 22 - 23 |
| SIGNATURE PAGE FOR PARTIES TO THIS AGREEMENT | | | | PAGE | 23 |
| SIGNATURE PAGES FOR INDEPENDENT EMPLOYERS | | | | PAGE | 24 - 26 |
| HIRING HALLS & DISPATCH HOURS FOR LOCAL UNIONS | | | | PAGE | 27 |

NORTHERN CALIFORNIA MASON TENDERS'AGREEMENT

THIS AGREEMENT, effective the FIRST DAY of JULY, 2000, by and between the LABOR RELATIONS COMMITTEE of the California Conference of Mason Contractor Associations, Inc. and the NORTHERN CALIFORNIA DISTRICT COUNCIL of LABORERS, affiliated with the Laborers' International Union of North America, AFL-CIO, covers the following nine (9) Laborers' Local Unions:

LOCAL UNION #  73 –  STOCKTON and Counties of San Joaquin and Calaveras.

LOCAL UNION # 139 –  SANTA ROSA and Counties of Sonoma, Mendocino, Del Norte and Humboldt.

LOCAL UNION # 185 –  SACRAMENTO and Counties of Alpine, Sierra, Nevada, Placer, El Dorado, Amador, Sacramento, Yolo, Sutter, Colusa, Glenn, Butte, Plumas, Yuba, Siskiyou, Trinity, Modoc, Shasta, Lassen & Tehema.

LOCAL UNION # 270 –  SAN JOSE and Counties of Santa Clara and Santa Cruz.

LOCAL UNION # 291 –  SAN RAFAEL and Counties of Marin, Napa and Lake.

LOCAL UNION # 294 –  FRESNO and Counties of Fresno, Kings, Madera and Tulare.

LOCAL UNION # 297 –  SALINAS and Counties of Monterey and San Benito.

LOCAL UNION # 326 –  VALLEJO and the County of Solano.

LOCAL Union #1130 –  MODESTO and Counties of Stanislaus, Tuolumne, Merced and Mariposa,

DEFINITIONS:

"Employer" or "Employers" means all employers who are bound to this Agreement.

"Independent Employer" means an employer who is bound to this Agreement by signing the signature page of this Agreement.

"Individual Employer" means an employer who is bound to this Agreement through a Delegation of His Bargaining Right to the LRC.

"Member of the CCMCA" means an employer who is bound to this Agreement through a Delegation of His Bargaining Right to the LRC and holds membership in any Local Chapter of the CCMCA, Inc.

"LRC" means Labor Relations Committee of the California Conference of Mason Contractor Associations, Inc.   (CCMCA)

"NCDCL" means Northern California District Council of Laborers.

- 1 -

"Union" means the NORTHERN CALIFORNIA DISTRICT COUNCIL of LABORERS on its own behalf, and on behalf of nine (9) Local Unions who are also party to this Agreement.

"Employee" or "Workman" means employees or workmen of employers bound to this Agreement who are performing work covered by this Agreement.


ARTICLE   I   -   COVERAGE AND RECOGNITION

Section 1.  This Agreement shall apply to work performed by mason tenders, the tending of bricklayers, stonemasons and blocklayers.

Section 2.  This Agreement shall apply within the California Counties hereinabove listed.

Section 3.  The LRC recognizes the Union as the sole and exclusive bargaining representative for the employees performing work covered by this Agreement.

Section 4.  The Union hereby recognizes and acknowledges that the California Conference of Mason Contractor Associations, Inc., includes in its membership (individual employers who have designated the CCMCA as their bargaining representative and listed in this Agreement) a majority of the employers in the masonry industry, and said employers are performing the greater percentage of the work therein.  By reason of said facts, the Union hereby recognizes that the CCMCA, as hereinabove referred to, is the collective bargaining representative of all persons, partnerships, firms or corporations who designate the CCMCA as their bargaining representative or become signatory hereto with respect to the masonry industry in the territory subject to this Agreement.

Section 5.  This Agreement shall cover all the following designated work within the jurisdiction of the Union.  The work covered by this Agreement shall include, but not limited to:

  1.    Handling and conveying all materials whether by hand, wheelbarrow, hand truck, or operation of any type of mechanical equipment such as mixers, pumps, forklifts, tusky-type automatic or semi-automatic hoists, etc., necessary to handle all materials used on the project, upon arrival at the job site or near the job site.  All mechanical equipment replacing in whole or in part the work of the mason tenders shall be cleaned and operated by the Hodcarriers.

  2.    Mixing, preparing and tempering mortar and grout and mixing and preparing any other material that may be used as a substitute for mortar or grout, by hand or machine, except ready mix grout or mortar delivered to job site.

  3.    The building and handling of any and all trestles and scaffolding and planking and dismantling of all trestles and scaffolding inside and outside the structure regardless of the height of the scaffolding.

- 2 -

4.  The cleaning of the site where masonry work is performed by the
    bricklayer and blocklayers of all debris caused by work of the
    same inside and outside the structure, and the depositing of the
    same in the place designated by the bricklayer or blocklayer
    foreman.

5.  The application of all temporary protective coverings which the
    employer is required to provide.

6.  Such jurisdiction as may be awarded to the mason tenders by the
    Laborers' International Union of North America, AFL-CIO.

7.  The tearing out of all furnace kilns and stills to be rebuilt by
    the bricklayer.

8.  The setting of castings on streets, highways and sidewalks.

Section 6.  The terms and provisions of this Agreement shall apply to any
subcontractor under control of or working under contract with the Employer
upon work covered by this Agreement, and said subcontractor, with respect to
such work, shall be considered an Employer bound to this Agreement.  The
Employer bound by this Agreement shall be responsible for compliance of all
provisions of this Agreement by the subcontractor.

Section 7.  This Agreement shall be binding upon the heirs, executors,
administrators, successors, purchasers and assigns of the parties hereto.


ARTICLE  II    -    UNION SECURITY

Section 1.  Every person performing work covered by this Agreement, who is a
member of the Union and in the employment of an employer on the effective
date of this Agreement, shall as a condition of employment or continued
employment, remain a member of the Union.  Every other person, who may be
employed, shall be required as a condition of employment, agree to pay the
dues and initiation fee required by the Union after the seventh (7th) day
following the effective date of this Agreement or following the commencement
of such employment covered by this Agreement.

Section 2.  Membership in the Union shall be available to any such person on
the same terms and conditions as are applicable to other members of the
Union.  The provisions of this Article shall be enforced at all times in
such way as to not discriminate against any workman in any manner whatsoever
whether it be by race, color, creed, sex or in any other manner.

Section 3.  The employer may hire workmen from other sources as are
necessary whenever the Local Union is unable to furnish experienced and
qualified mason tenders.  Workmen so employed shall comply with Section 1 of
this Article and in the event they fail to comply, the Local Union may
require the employer to terminate their employment which must be in writing
and the Union shall hold the employer harmless from any and all liability
for such discharge.

- 3 -

ARTICLE III - HIRING HALL PROVISIONS

Section 1.  The Union shall maintain open and non-discriminatory hiring halls for the use of workmen desiring employment on work covered by this Agreement and such workmen shall be entitled to use such hiring halls.  It is mutually agreed by the CCMCA and the Union to fully comply with all the provisions of Title 7 of the Civil Rights Act of 1964, Presidential Order No. 11246, and California Fair Employment Practices Section, to the end that no person shall, on the grounds of sex, race, color or national origin, be excluded from participation in, be denied the benefits of, or be otherwise subjected to discrimination for not having full access to the contents of Article III of this Agreement.  The Union shall retain full power to change the location of any hiring hall listed herein, to change the daily dispatching hours listed herein, or to cause the merger, amalgamation or consolidation of any two or more hiring halls listed herein.  The Union shall give notice, in writing, to the CCMCA whenever any such change, merger or amalgamation becomes effective.  If the CCMCA desires a location of a hiring hall or daily dispatching hours other than as specified herein, notice of such desire shall be giving to the Union, in writing, and the Union shall promptly enter into negotiations with regard to such subject.

Section 2.  Each person desiring employment shall register in the appropriate hiring hall by appearing personally and by indicating his or her name, address, telephone number, Social Security Number, qualifications and employment desired.  Each person shall be listed numerically in the order in which he registers.

Section 3.  The Employer shall contact the appropriate hiring hall of the Local Union having work and area jurisdiction for employees he or it may from time to time need, and the Union shall furnish to the Employer the required number of workmen of the classification needed by the Employer in accordance with the provisions of this Agreement.  The parties recognize that some of the Employers covered by this Agreement operate in several of the jurisdictions of the nine (9) Local Unions covered by this Agreement and have in their employ key mason tenders who were previously dispatched to the Employer in their local area and have been trained to operate the equipment of the Employer and are familiar with the Employer's operations. Therefore, it is agreed that such Employers will be permitted to employ two (2) of these key mason tenders in the jurisdiction of any Local Union covered by this Agreement, however, they shall, obtain the next two (2) mason tenders from the Local Dispatch Office of the Local Union in whose jurisdiction the project is located and maintain a ratio of 50% key mason tenders and 50% mason tenders from the jurisdiction of the Local Union in whose jurisdiction to the project is located for the duration of the project.

    a.    Any Local Union, may at its option, permit a percentage of key employees greater than 50% on any project.  Such permission shall not be deemed a violation of this Agreement.

    b.    For the first five (5) days of employment, the Employer shall be permitted to employ on each project up to five (5) key employees and must comply with the 50% ratio as hereinabove provided on and after the sixth (6th) day of employment on all projects.  This is to allow the Employer sufficient time to compile a crew of at least 50% or more mason tenders from the local area.  This provision only applies to projects that exceed five (5) working days.

- 4 -

Section 4.  When requesting or hiring Mason Tenders, the Employer shall submit job orders, indicating the number of employees desired, qualifications of each person desired, the location of the job, the reporting date and time and the representative of the Employer to be contacted on the job site.

Section 5.  The appropriate hiring hall of the Union will furnish, in accordance with the request of the Employer, such workmen of the classifications needed from among those entered on said lists to the Employer by use of a written referral.

Section 6.  When ordering or hiring workmen, the Employer will place his order and/or give notice to the appropriate hiring hall of the Union, if possible, not later than 2:30 p.m. on the day prior (Monday through Friday), or, in any event, not less than seventeen and one-half (17 1/2) hours, if possible, before the required reporting time.  Mason Tenders not requested at least seventeen and one-half (17 1/2) hours before their scheduled starting time, will be paid from the established starting time for the day requested, unless the request is specifically for a noon reporting time.  In the event forty-eight (48) hours after such request (Saturdays, Sundays and recognized holidays excluded) the Union shall not furnish such workmen, the Employer may procure workmen from any other source or sources.

Section 7.  Each person, upon being referred, shall receive a written referral to be transmitted to the Employer's representative at the job site indicating the name, address, Social Security Number, type of job, date of proposed employment and date and time of referral.

Section 8.  Subject to the provisions of this Agreement, the Employer shall have complete freedom of selectivity in hiring and the Employer retains the right to reject any job applicant for just cause referred by the Union.

Section 9.  Selection if applicants for referral to jobs pursuant to this Agreement shall be on a non-discriminatory basis and shall not be based on or in any way affected by union membership, by laws, rules, regulations, constitutional provisions or any other aspect or obligation of union membership, policies or requirements, provided that the provisions hereof shall not modify or qualify the requirements of Section 1 of Article II.

Section 10.  The CCMCA or any person aggrieved by the operation of the hiring arrangements or the provisions shall submit his grievance to the Joint Board created pursuant to ARTICLE XV of this Agreement, provided that such submission is made in writing stating the reasons for the grievance, within fifteen (15) working days after the occurrence of the grievance.  The Joint Board shall have full power to adjust the grievance, and its decision thereon shall be final and binding upon the person submitting the grievance and all parties hereto.  Forms for the submission of any such grievance shall be available at all times in the office of the Union and the office of the CCMCA.

Section 11.  The date of postmark and/or date of delivery of the grievance, whichever is later, shall toll the running of the fifteen (15) day period.

- 5 -

Section 12.  No employee shall be discharged without just cause.  In the event of discharge without just cause, the employee shall, if he so desires, be reinstated with payment for time lost.  In the event of a dispute, the existence of "just cause" shall be determined under the grievance procedure provided for in this Agreement under Article XV. In the event of reinstatement, the amount of back pay awarded under the Article XV hereof may not exceed thirty (30) days unless the grievant was employed for more than one thousand, five hundred (1,500) hours in the two (2) years preceding the date of discharge.

   a.   No employee shall be discharged or discriminated against for
        activity in or representation of the Union or any Local Union.
        The Local Union shall be the sole judge of the qualifications of
        its members.

   b.   The Employer shall be the sole judge of the qualifications of all
        its employees, and may on such grounds discharge any of them.


ARTICLE  IV  -  NO CESSATION OF WORK

Section 1.  Employees reserve the right to refuse to pass picket lines recognized by the Building Trades Council, it being understood, however, that the Union is not in favor of sympathetic strikes and will do everything in its power to avoid causing any stoppage of work due to labor-management disputes.

Section 2.  It is agreed and understood that the Union, Local Union, Union Representative, or steward on the job is prohibited from withdrawing any workmen employed by a Member of the CCMCA or asking them to stop working on any job prior to a meeting of the Joint Board established by this Agreement and said Joint Board has found said Employer in violation of this Agreement.


ARTICLE  V  -  WAGES AND FRINGE CONTRIBUTIONS

Section 1.  The wage rate and fringe contributions for workmen covered by this Agreement shall be as follows within the California Counties of the Local Union listed.   NO WORK SHALL BE LET OR PAID FOR BY PIECE WORK, CONTRACT OR LUMP SUM DIRECT WITH MASON TENDERS FOR LABOR SERVICES.


| LOCAL UNION #185, SACRAMENTO &<br>LOCAL UNION #297, SALINAS: | 7/1/00 | E F F E C T I V E |  |  |  |
|---|---|---|---|---|---|
|  |  | 7/1/01 | 7/1/02 | 7/1/03 | 7/1/04 |
| Wage rate (includes vacation & dues) | $23.24 | $ | $ | $ | $ |
| Vacation-Holiday-Dues Supplement | (2.20) |  |  |  |  |
| Health & Welfare contribution | 2.64 | (INCREASES TO BE ALLOCATED AT |  |  |  |
| Pension and Annuity contribution | 2.57 | A LATER DATE) |  |  |  |
| Mason tender training | .10 | .15 |  |  |  |
| Masonry Institute contribution | .25 | .30 | .30 | .30 | .30 |
| TOTAL WAGE/FRINGE PACKAGE: | $28.80 | $29.80 | $30.65 | $31.50 | $32.35 |

|                                         |         | E F F E C T I V E |         |         |         |
|-----------------------------------------|---------|---------|---------|---------|---------|
| LOCAL UNION #73, STOCKTON & LOCAL UNION #1130 MODESTO: | 7/1/00 | 7/1/01 | 7/1/02 | 7/1/03 | 7/1/04 |
| Wage rate (includes vac. & dues)        | $23.34  | $       | $       | $       | $       |
| Vacation-Holiday-Dues Supplement        | (2.20)  |         |         |         |         |
| Health & Welfare contribution           | 2.64    | (INCREASES TO BE ALLOCATED AT |   |   |   |
| Pension and Annuity contribution        | 2.57    | A LATER DATE) |         |         |         |
| Mason tender training                   | .10     | .15     |         |         |         |
| Masonry Institute contribution          | .25     | .30     | .30     | .30     | .30     |
| TOTAL WAGE/FRINGE PACKAGE:              | $28.90  | $29.80  | $30.65  | $31.50  | $32.35  |

|                                         |         |         |         |         |         |
|-----------------------------------------|---------|---------|---------|---------|---------|
| LOCAL UNION #294, FRESNO:               | 7/1/00  | 7/1/01  | 7/1/02  | 7/1/03  | 7/1/04  |
| Wage rate (includes vac. & dues)        | $23.64  | $       | $       | $       | $       |
| (Contributions as per above)            | 5.56    |         |         |         |         |
| TOTAL WAGE/FRINGE PACKAGE:              | $29.20  | $30.10  | $30.95  | $31.80  | $32.65  |

|                                         |         |         |         |         |         |
|-----------------------------------------|---------|---------|---------|---------|---------|
| LOCAL UNION #139, SANTA ROSA, #326, VALLEJO & #291, NAPA: | 7/1/00 | 7/1/01 | 7/1/02 | 7/1/03 | 7/1/04 |
| Wage rate (includes vac. & dues)        | $23.84  |         |         |         |         |
| (Contributions as per above)            | 5.56    |         |         |         |         |
| TOTAL WAGE/FRINGE PACKAGE:              | $29.40  | $30.35  | $31.20  | $32.05  | $32.90  |

|                                         |         |         |         |         |         |
|-----------------------------------------|---------|---------|---------|---------|---------|
| LOCAL UNION #291, SAN RAFAEL:           | 7/1/00  | 7/1/01  | 7/1/02  | 7/1/03  | 7/1/04  |
| Wage rate (includes vac. & dues)        | $24.84  |         |         |         |         |
| (Contributions as per above)            | 5.56    |         |         |         |         |
| TOTAL WAGE/FRINGE PACKAGE:              | $30.40  | $31.35  | $32.20  | $33.05  | $33.90  |

NOTE:  The wage rates shown above are gross wages per hour including the hourly amount deducted for Vacation-Holiday-Dues Supplement.

|                                         |         |         |         |         |         |
|-----------------------------------------|---------|---------|---------|---------|---------|
| LOCAL UNION #270, SANTA CLARA COUNTY:   | 7/1/00  | 7/1/01  | 7/1/02  | 7/1/03  | 7/1/04  |
| Wage rate (includes vac. & dues)        | $24.05  |         |         |         |         |
| Vacation (deduction)                    | (1.05)  |         |         |         |         |
| Dues check-off (deduction)              | (.30)   | (INCREASES TO BE ALLOCATED AT |   |   |   |
| Pension (defined benefit plan)          | 1.50    | A LATER DATE.) |         |         |         |
| Pension (defined contribution plan)     | .50     |         |         |         |         |
| Health & Welfare & Dental contribution  | 4.00    |         |         |         |         |
| Mason tender training                   | .10     | .15     |         |         |         |
| Masonry Institute contribution          | .25     | .30     | .30     | .30     | .30     |
| TOTAL WAGE/FRINGE PACKAGE:              | $30.40  | $31.35  | $32.20  | $33.05  | $33.90  |
| CASH BOND DEPOSIT CONTRIBUTION:         | 1.50    | 1.50    | 1.50    | 1.50    | 1.50    |
|                                         | $31.90  | $32.85  | $33.70  | $34.55  | $35.40  |

|                                         |         |         |         |         |         |
|-----------------------------------------|---------|---------|---------|---------|---------|
| LOCAL UNION #270, SANTA CRUZ COUNTY:    |         |         |         |         |         |
| Wage rate (includes vac. & dues)        | $23.05  |         |         |         |         |
| (Contributions as per above)            | 6.35    |         |         |         |         |
| TOTAL WAGE/FRINGE PACKAGE:              | $29.40  | $30.35  | $31.20  | $32.05  | $32.90  |
| CASH BOND DEPOSIT CONTRIBUTION:         | 1.50    | 1.50    | 1.50    | 1.50    | 1.50    |
|                                         | $30.90  | $31.85  | $32.70  | $33.55  | $34.40  |

NOTE:  The wage rates shown are gross wages per hour including the hourly amount deducted for Vacation and Dues Check-Off.

- 7 -

Section 2.  It is agreed wage increases may be applied to any of the listed fringe contributions and in the event the contribution for the Vacation-Holiday-Dues Supplement, Health & Welfare, or Pension is changed during the term of this Agreement, a notice must be sent to the CCMCA at least sixty (60) days prior to the date said contribution rates are changed.

Section 3.  Whenever Mason Tenders are working on refractory work where heat-protective clothing is required, they shall receive two dollars ($2.00) per hour above the current wage rate for every hour worked. The employer is to furnish all necessary protective clothing and heat fatigue aids.

Section 4.  ENTRY LEVEL MASON TENDERS:   The wage rate, fringe contributions, hours of employment and other conditions for ENTRY LEVEL MASON TENDERS shall be governed entirely by the terms and conditions of this Agreement as follows:

NOTE:       The Employer may request an Entry Level Mason Tenders by name and shall not be permitted an Entry Level Mason Tender unless a regular Mason Tender is employed.  An Employer shall not be permitted to employ a second Entry Level Mason Tender until four (4) regular Mason Tenders are employed if such regular Mason Tenders are available for work.  This provision applies in the jurisdiction of all nine (9) Local Unions covered by this Agreement.  On projects involving refractory construction, the Employer will be permitted a ratio of two (2) to one (1) of Entry Level Mason Tenders.

FOR LOCAL UNIONS #73, #139, #185, #291, #294, #326, and #1130

| ENTRY LEVEL STAGE: | 7/1/00 | 7/1/01 | 7/1/02 | 7/1/03 | 7/1/04 |
|---|---|---|---|---|---|
| STAGE 1 - 1st fifteen hundred (1,500) hours employment: | $11.80 | $11.80 | $11.80 | $11.80 | $11.80 |
| Vacation-Holiday-Dues Supplement deduction: | (2.20) | (ENTRY LEVEL TO RECEIVE THE SAME FRINGE INCREASE RECEIVED BY THE | | | |
| Health & Welfare: | 2.64 | JOURNEYMAN BUT WAGE RATE TO | | | |
| Pension & Annuity: | 2.57 | REMAIN THE SAME UNTIL 7/1/05) | | | |
| Mason tender training | .10 | .15 | | | |
| Masonry Institute: | .25 | .30 | .30 | .30 | .30 |
| TOTAL WAGE/FRINGE: | $17.36 | | | | |
| STAGE 2 - 2nd fifteen hundred (1,500) hours employment: | $14.30 | $14.30 | $14.30 | $14.30 | $14.30 |
| Vacation-Holiday-Dues Supplement deduction: | (2.20) | (ENTRY LEVEL TO RECEIVE THE SAME FRINGE INCREASE RECEIVED BY THE | | | |
| Health & Welfare: | 2.64 | JOURNEYMAN BUT WAGE RATE TO | | | |
| Pension & Annuity: | 2.57 | REMAIN THE SAME UNTIL 7/1/05) | | | |
| Mason tender training | .10 | .15 | | | |
| Masonry Institute: | .25 | .30 | .30 | .30 | .30 |
| TOTAL WAGE/FRINGE: | $19.86 | | | | |

E F F E C T I V E

- 8 -

FOR LOCAL UNION #297, SALINAS, MONTEREY & SAN BENITO COUNTIES

|  | E F F E C T I V E | | | | |
|---|---|---|---|---|---|
| ENTRY LEVEL STAGE: | 7/1/00 | 7/1/01 | 7/1/02 | 7/1/03 | 7/1/04 |
| STAGE 1 - 1st fifteen hundred | | | | | |
| (1,500) hours employment: | $11.80 | $11.80 | $11.80 | $11.80 | $11.80 |
| Vacation-Holiday-Dues | | (ENTRY LEVEL TO RECEIVE THE SAME | | | | |
| Supplement deduction | (2.20) | FRINGE INCREASE RECEIVED BY THE | | | | |
| Health & Welfare | 2.64 | JOURNEYMAN BUT WAGE RATE TO | | | | |
| Pension & Annuity | 2.57 | REMAIN THE SAME UNTIL 7/1/05) | | | | |
| Mason tender training | .10 | .15 | | | |
| Masonry Institute | .25 | .30 | .30 | .30 | .30 |
| TOTAL WAGE/FRINGE: | $17.36 | | | | |

| STAGE 2 - 2nd fifteen hundred | | | | | |
|---|---|---|---|---|---|
| (1,500) hours employment: | | | | | |
| Vacation-Holiday-Dues | $14.30 | $14.30 | $14.30 | $14.30 | $14.30 |
| Supplement deduction | | (ENTRY LEVEL TO RECEIVE THE SAME | | | | |
| Health & Welfare | (2.20) | FRINGE INCREASE RECEIVED BY THE | | | | |
| Pension & Annuity | 2.64 | JOURNEYMAN BUT WAGE RATE TO | | | | |
| Mason tender training | 2.57 | REMAIN THE SAME UNTIL 7/1/05) | | | | |
| Masonry Institute | .10 | .15 | | | |
| TOTAL WAGE/FRINGE: | .25 | .30 | .30 | .30 | .30 |
|  | $19.86 | | | | |

FOR LOCAL UNION 270, SANTA CLARA COUNTY

|  | E F F E C T I V E | | | | |
|---|---|---|---|---|---|
| ENTRY-LEVEL-STAGE: | 7/1/00 | 7/1/01 | 7/1/02 | 7/1/03 | 7/1/04 |
| STAGE 1 - 1st fifteen hundred | | | | | |
| (1,500) hours employment: | $11.70 | $11.50 | $11.50 | $11.50 | $11.50 |
| Vacation (deduction) | (1.05) | (ENTRY LEVEL TO RECEIVE THE SAME | | | | |
| Dues check-off (deduction) | (.30) | FRINGE INCREASE RECEIVED BY THE | | | | |
| Pension (defined contri.) | 2.00 | JOURNEYMAN BUT WAGE RATE TO | | | | |
| Health & Welfare & Dental | 4.00 | REMAIN THE SAME UNTIL 7/1/05) | | | | |
| Mason tender training | .10 | .15 | | | |
| Masonry Institute | .25 | .30 | .30 | .30 | .30 |
| TOTAL WAGE/FRINGE: | $18.05 | | | | |
| CASH BOND CONTRIBUTION: | 1.50 | | | | |
|  | $19.55 | | | | |

| STAGE 2 - 2nd fifteen hundred | | | | | |
|---|---|---|---|---|---|
| (1,500) hours employment: | $13.90 | $13.90 | $13.90 | $13.90 | $13.90 |
| Vacation (deduction) | (1.05) | (ENTRY LEVEL TO RECEIVE THE SAME | | | | |
| Dues check-off (deduction) | (.30) | FRINGE INCREASE RECEIVED BY THE | | | | |
| Pension (defined contri.) | 2.00 | JOURNEYMAN BUT WAGE RATE TO | | | | |
| Health & Welfare & Dental | 4.00 | REMAIN THE SAME UNTIL 7/1/05) | | | | |
| Mason tender training | .10 | .15 | | | |
| Masonry Institute | .25 | .30 | .30 | .30 | .30 |
| TOTAL WAGE/FRINGE: | $20.25 | | | | |
| CASH BOND CONTRIBUTION: | 1.50 | | | | |
|  | $21.75 | | | | |

NOTE:  For Santa Cruz County wage rates are $1.00 per hour less than above.

- 9 -

<u>FOR LOCAL UNION #270, SANTA CRUZ COUNTY</u>

|  | E F F E C T I V E | | | | |
|---|---|---|---|---|---|
| ENTRY-LEVEL-STAGE: | 7/1/00 | 7/1/01 | 7/1/02 | 7/1/03 | 7/1/04 |

STAGE 1 - 1st fifteen hundred

| (1,500) hours employment: | $10.75 | $10.75 | $10.75 | $10.75 | $10.75 |
|---|---|---|---|---|---|
| Vacation (deduction) | (1.05) | (ENTRY LEVEL TO RECEIVE THE SAME | | | |
| Dues check-off (deduction) | (.30) | FRINGE INCREASE RECEIVED BY THE | | | |
| Pension (defined contri.) | 2.00 | JOURNEYMAN BUT WAGE RATE TO | | | |
| Health & Welfare & Dental | 4.00 | REMAIN THE SAME UNTIL 7/1/05) | | | |
| Mason tender training | .10 | .15 | | | |
| Masonry Institute | .25 | .30 | .30 | .30 | .30 |
| TOTAL WAGE/FRINGE: | $17.10 | | | | |
| CASH BOND CONTRIBUTION: | 1.50 | | | | |
|  | $18.60 | | | | |

STAGE 2 - 2nd fifteen hundred

| (1,500) hours employment: | $12.95 | $12.95 | $12.95 | $12.95 | $12.95 |
|---|---|---|---|---|---|
| Vacation (deduction) | (1.05) | (ENTRY LEVEL TO RECEIVE THE SAME | | | |
| Dues check-off (deduction) | (.30) | FRINGE INCREASE RECEIVED BY THE | | | |
| Pension (defined contri.) | 2.00 | JOURNEYMAN BUT WAGE RATE TO | | | |
| Health & Welfare & Dental | 4.00 | REMAIN THE SAME UNTIL 7/1/05) | | | |
| Mason tender training | .10 | .15 | | | |
| Masonry Institute | .25 | .30 | .30 | .30 | .30 |
| TOTAL WAGE/FRINGE: | $19.30 | | | | |
| CASH BOND CONTRIBUTION: | 1.50 | | | | |
|  | $20.80 | | | | |

Section 6. When six (6) Mason Tenders are employed, the employer agrees that he shall designate one (1) Mason Tender as a foreman. The foreman's rate of pay shall be one dollar ($1.00) per hour above the current regular Mason Tender's wage rate.

ARTICLE VI - TOOLS AND WORKING CONDITIONS

Section 1. The following shall govern the tools and working conditions of the Mason Tender:

a.   When a Mason Tender is transferring mortar or grout from mixer to bricklayer by hand, he shall not be required to handle a bucket any larger than a three (3) gallon capacity.

b.   The Employer shall be required to furnish all tools required with the exception of the following: All Mason Tenders shall be required to have in his possession upon reporting to work, a hammer, measuring tape, and hardhat.

c.   No Mason Tender shall be required to haul Employer's tools or material in his own vehicle.

d.   In the event free parking facilities are not available within five (5) blocks of a job site, the Employer will provide such parking facilities and the Employer shall have the right to designate parking areas to be used. Where, because of congested parking conditions, it is necessary to use public parking facilities, the Employers shall reimburse the employees for the cost of such parking upon being presented with a receipt or voucher certifying to the cost thereof, submitted weekly. Such reimbursement is to be made on a weekly basis or at the conclusion of the project, whichever occurs earlier.

- 10 -



ARTICLE    VII    -    VACATION PROGRAM & DUES SUPPLEMENT TRUST FUND

Section 1.  It is mutually agreed that the existing Vacation Fund shall be maintained for all employees covered under this Agreement;  that the employer having made all applicable employee tax deductions from the wages earned shall be authorized to deduct from such wages and deposit with the Laborers Vacation-Holiday-Dues Supplement Trust Fund for Northern California, except for Laborers' Local #270 as herein provided.

Section 2.  Within the jurisdiction of Laborers' Local Union #270, the Employer shall deposit the deductions of twenty-five cents (.25) per hour for the dues check-off with the Laborers' Local Union #270 Trust Fund together with the other fringe benefit contributions.

Section 3.  DUES SUPPLEMENT:  Effective for all work performed on and after the effective date of this Agreement, it is agreed that upon authorization as required by law, the amount of fifty cents (.50) per hour for each hour paid for or worked shall be transmitted to the Vacation-Holiday Benefit for each workman and shall be remitted directly to the Union.  This amount of fifty cents (.50) shall not be deemed to be part of the Vacation-Holiday Benefit but in an amount specifically agreed to as a supplemental dues benefit.  The amount of Supplemental Dues transmittal shall be specified on a statement sent to the workman by the Union.  Such remittance shall be made to the Union not less than two (2) times per year. This Section applies to all Local Unions covered by this Agreement except Local Union #270.

ARTICLE    VIII    -    HEALTH & WELFARE TRUST FUND

Section 1.  In addition to the hourly wage, the employer shall contribute and pay to the Laborers' Health & Welfare Trust Fund for Northern California for each hour worked as provided in Article V, Section 1, of this Agreement, except as herein provided for Laborers' Local Union #270.

Section 2.  Within the jurisdiction of Laborers' Local Union #270, the employer shall contribute the Health & Welfare & Dental contribution as provided for Local Union #270 under Article V, Section 1, for each hour worked.

Section 3.  The rates are subject to the provisions of Article V, Section 2, of this Agreement.

ARTICLE    IX    -    PENSION/ANNUITY TRUST FUND

Section 1.  In addition to the hourly wage, the employer shall contribute and pay to the Northern California Laborers' Pension/Annuity Plans for Northern California, for each hour worked by employees covered by this Agreement, as provided in Article V, Section 1, of this Agreement, except as herein provided.

Section 2.  In the jurisdiction of Laborers' Local Union #270, the employer shall contribute and pay to the Local Union #270 Pension Plans, for each hour worked by employees working within the jurisdiction of Local Union #270, as provided under Article V, Section 1, of this Agreement as shown for Laborers' Local Union #270.



- 11 -

ARTICLE  X  -  HEALTH & WELFARE, PENSION/ANNUITY, VACATION-HOLIDAY-DUES
SUPPLEMENT, MASON TENDER TRAINING, and MASONRY INSTITUTE.

Section 1.  The employer agrees to the terms and conditions and any
amendments or modifications thereto to the Trust Agreements establishing the
Trust Funds referred to in this Agreement by and between the Associated
General Contractors of California and the Northern California District
Council of Laborers covering the forty-six (46) Northern California
Counties.

Section 2.  In order to provide for benefits to employees without disruption
during periods of contract negotiations and to assure an orderly means of
collecting Trust Fund contributions during such periods, each signatory
employer agrees that he or it shall be obligated to contribute to each and
every Trust Fund referred to in this Agreement for any period following
their termination date of this Agreement unless and until a lawful impasse
occurs or until a successor Agreement is negotiated.  Each signatory
employer further agrees that any and all said Trust Funds may enforce this
obligation by action to collect such delinquent contributions filed in any
court of competent jurisdiction.

Section 3.  The employer agrees to the terms and conditions and any
amendments or modifications thereto to the Trust Agreements establishing the
Trust Funds referred to in this Agreement by and between the Labor Relations
Committee of the CCMCA, Inc. and Laborers' Local Union #270, San Jose,
covering Santa Clara and Santa Cruz Counties.

Section 4.  The Health & Welfare Plan shall be supplemented to provide that
the Trustees shall apply amounts from the contributions specified in this
Agreement to such Plan for the purpose of providing benefits to employees
retired pursuant to the provisions of the Laborers Pension Trust Fund for
Northern California.

ARTICLE XI     -   TRAVEL EXPENSES and SUBSISTENCE

Section 1.  Within the jurisdiction of the Local Unions covered by this
Agreement, workmen shall receive subsistence and/or travel expense as
follows:

a.  Workmen shall be reimbursed for the cost of meals and lodging
    actually expended and not to exceed forty-five dollars ($45.00)
    per working day on all jobs located over eighty (80) miles from
    the Local Union Dispatch Office or residence of the workman,
    whichever is closest to the job.  In remote mountainous areas
    where the Employer requests the workman to remain overnight in the
    area of the job site, such reimbursement shall also be paid.

b.  Workmen shall be reimbursed for the cost of travel and not to
    exceed the following amounts:

    0 to 35 miles - Free Zone          55 to 65 miles - $14.00 per day
    35 to 45 miles - $ 7.00 per day    65 to 70 miles - 18.00 per day
    45 to 55 miles -  12.00 per day    70 to 80 miles - 25.00 per day

    Over 80 miles - Subsistence - $45.00 per day as per (a.) above.

    All distances are measured from the Local Union Dispatch Office or
    residence of the workman, whichever is closer to the job site.

- 12 -

    a.    Any oral or written agreement between the Employer and an individual employee, which conflicts or is inconsistent with this Agreement, or any supplemental agreements hereto, disestablishes or tends to disestablish relationship of employer and employee, or establishes a relationship other than that of employer and employee, shall forthwith terminate.

    b.    No oral or written agreement which conflicts or is inconsistent with this Agreement, or any supplemental agreements thereto, shall hereafter be entered into between the Employer and any individual employee performing work covered by this Agreement.

    c.    Any practice of the Employer inconsistent with this Agreement shall forthwith terminate. Any such practice shall not be binding on the Union or affect the interpretation of this Agreement.

ARTICLE  XVII  -  EMPLOYEES NOT TO BE DISCHARGED FOR RECOGNIZING AUTHORIZED PICKET LINES.

Section 1.  The parties to this Agreement recognize that it is vital to the unionized segment of the construction industry that the work opportunities of the employee and the Employer proceed without interruption because of disputes involving unions not signatory to an agreement with the Employer.

Section 2.  No employee covered hereby may be discharged by any Employer for refusing to cross a picket line established by a Local Union of the basic crafts.

ARTICLE  XVIII  -  STEWARDS

Section 1.  The Union representative shall have access to all shops and projects during working hours for the purpose of checking compliance with the provisions of this Agreement and working conditions in such shops or on such projects.

Section 2.  The Local Union may select an employee on the job as a steward and he shall be a working employee.  Written notification shall be given to the Employer by certified mail of such assignment.  The Union and the Local Union agree that the steward's duties shall be performed as expeditiously as possible and the Employer agrees to allow the steward a reasonable amount of time for the performance of his duties.  The Employer will give the Local Union forty-eight (48) hours' advance written notice by certified mail before laying off the steward unless the job is completed or the entire crew is laid off.

Section 3.  The steward shall be limited to and shall not exceed the following duties and activities:

    a.    Check the referral slip of each employee dispatched to the job under the terms of this Agreement.

    b.    Report to his Business Manager or his authorized representative all alleged violations of this Agreement if such alleged violation is not corrected by the Employer or his representative.

- 18 -

    c.  Report to his Business Manager or his authorized representative
any employee covered by this Agreement who, during his shift,
leaves the job site without giving the Employer and the steward
prior notice.

Section 4.  The steward shall not:

    a.  Stop the Employer's work for any reason or tell any workman or any
employee that he cannot work on the job.

    b.  Infraction of either of the two rules set forth in Section 4, a.,
hereinabove shall be cause for immediate dismissal of the steward
without any prior notice.

ARTICLE XIX   -   MASONRY INSTITUTE

Section 1.  In addition to the hourly wage, all Employers shall contribute
and pay to the Masonry Institute for each hour worked as provided under
Article V of this Agreement in such manner as established for the collection
of fringe contributions.   Failure to pay said contributions shall subject
the Employer to the same liquidated damages and collection costs as
established for the other fringe contributions required by this Agreement.

ARTICLE XX     -    STATE and FEDERAL PREVAILING RATE PROJECTS

Section 1.  The prevailing wage/fringe package established by the State or
Federal Agency for a particular project shall be the wage/fringe package to
be paid workmen covered by this Agreement working on said project.   The
wage/fringe package contained in this Agreement is subordinate to the
prevailing wage/fringe package established for any particular project.

ARTICLE XXI  -   CASH BOND CONTRIBUTION COVERING LOCAL UNION #270

Section 1.  In order to secure payment of wages, Employer contributions,
deductions, liquidated damages or any other financial obligation of the
Employer under this Agreement, every Employer agrees to deposit with the
Local Union #270 Cash Bond Trust Fund the sum of five thousand dollars
($5,000.00) in cash on the effective day of this Agreement or on the date
the Employer becomes signatory to this Agreement or in the alternative, may
deposit the sum of five hundred dollars  ($500.00) in check or cash on the
effective day of this Agreement or on the date the Employer becomes
signatory to this Agreement and thereafter pay to the Local Union #270 Cash
Bond Trust Fund, together with the other contributions required by this
Agreement, the applicable amount per hour for each hour worked by each
employee covered by this Agreement until such time as the applicable cash
bond has been deposited with the Local Union #270 Cash Bond Trust Fund. When
the applicable cash bond has been paid in full, no further payments to the
Local Union #270 Cash Bond Trust Fund for cash bond deposit shall be
required.   The applicable cash bond deposit shall at all times for the

- 19 -

duration of this Agreement or any amended or modified agreement following this Agreement be maintained with the Local Union #270 Cash Bond Trust Fund.

Section 2.  In lieu of the provisions of Section 1 hereinabove, for and on behalf of the Members of the CCMCA who appear on the current list of Members of the CCMCA furnished to the Union and the Local Union #270 Cash Bond Trust Fund which designates the Members of the CCMCA who are covered under the blanket cash bond guarantee, the LRC does hereby guarantee to the maximum of five thousand dollars ($5,000.00) for any on behalf of said Members of the CCMCA in the event of any of the listed Members of the CCMCA fails to pay any liability found to be owing by the Members of the CCMCA as determined by either the Joint Board or the Trustees of the Trust Funds established by this Agreement.  It is agreed between the Union and the LRC that the LRC may add and delete Members of the CCMCA as of the first day of any month from the current list of Members of the CCMCA covered by the blanket cash bond guarantee.  It is agreed between the Union and the LRC that the Local Union #270 Cash Bond Trust Fund must refund to the LRC and/or to the Member of the CCMCA, upon written request of the Member of the CCMCA, any cash bond deposit held on behalf of said Employer if said Employer becomes covered under the LRC's Blanket Cash Bond Guarantee.  The LRC hereby agrees that it will be liable for the debts and delinquencies of the Members of the CCMCA covered by this Blanket Cash Bond Guarantee to the maximum amount of five thousand dollars ($5,000.00) per employer appearing on the current list of Members of the CCMCA covered by the LRC's Blanket Cash Bond Guarantee.  It is agreed by the Union, the Trustees, and the LRC that the LRC will not be liable for delinquencies of the Members of the CCMCA occurring prior to the date said Employer is added to the current list or for delinquencies occurring after the Union is notified that said Employer is deleted from the current list of Members of the CCMCA covered by the LRC's Blanket Cash Bond Guarantee.

Section 3.  Any interest or other increment earned by the cash bond deposits shall be used by the Local Union #270 Cash Bond Trust Fund to defray the administration costs of the Fund and legal fees connected with the collection of delinquent contributions required by this Agreement and/or wages due to employees.  In no event shall any Employer be entitled to receive any of the interest or increment earned by the cash bond deposit held by the Local Union #270 Cash Bond Trust Fund.  In order to cover administration costs and other costs connected with the administration of the Local Union #270 Cash Bond Trust Fund, the Fund may retain a portion of said cash bond contributions to cover said costs.

Section 4.  The Local Union #270 Cash Bond Trust Fund shall receive and hold all cash bond contributions for assessment of any or all financial obligations of the Employer under this Agreement in the event said Employer fails or refuses to pay any financial obligations found to be owing by the Joint Board or the Trustees of the Trust Funds established by this Agreement.  The CCMCA, the Union and all Employers bound or signatory to this Agreement agree to the terms and conditions of the Trust Agreement established to cover the terms and conditions and operation of the Local Union #270 Cash Bond Trust Fund.

Section 5.  The Local Union #270 Cash Bond Trust Fund shall be administered solely by Trustees selected by the Labor Relations Committee of the California Conference of Mason Contractor Associations, Inc.  The Trust Agreement provides that no amendments thereto shall be effective to reduce the protection to employees and to the fringe benefit trusts required by this Agreement.  Union representatives shall be accorded advisory positions, but shall be without power to alter or amend the Trust, or in any other manner administer said Fund.  No Union representative shall, except for bona fide services rendered to the Trust, receive any Trust monies.  The Union, through its representatives, shall have the right to inspect or cause to be inspected any and all financial records of the Trust.  Union representatives shall be invited to observe all regular and special meetings of the Local Union #270 Cash Bond Trust Fund Trustees.

Section 6.  Any Employer who completes any work covered by this Agreement and who signs a notarized statement that he will have no future work within the jurisdiction of Local Union #270 for the ensuing two (2) year period may, upon written application to the Trustees of the Local Union #270 Cash Bond Trust Fund and with a written statement from the Union that said Employer does not owe any wages or fringe contributions, withdraw any and all amounts deposited in the Cash Bond Trust Fund, less any reasonable administrative expenses or assessments surcharged against his cash bond deposit.  Payment to the Employer upon his application for withdrawal may be delayed for a reasonable period not to exceed six (6) months.  In the event the Employer returns to work within the jurisdiction of Local Union #270 within two (2) years following the refund of his cash bond deposit, he will be required, prior to commencement of such work, to restore the full amount of cash bond deposit withdrawn if full.  In the event an Employer was covered under the Blanket Cash Bond Guarantee and was deleted from coverage, said Employer shall be required to deposit the full five thousand dollars ($5,000.00) cash bond deposit prior to commencement of work.

ARTICLE XXII  -    PENSION TRUST FUNDS FOR LOCAL UNION #270, SAN JOSE

Section 1.  All Employers operating within the jurisdiction of Local Union #270 and signatory hereto agree to pay into the Local #270 Pension Trust Fund the amount provided for in this Agreement for each hour worked by employees covered by this Agreement including hours of overtime.  Any default in payment, the remedies will be as follows:

    a.    All fringe contribution report forms and contributions required under this Agreement in the jurisdiction of Local Union #270 shall be paid no later than the fifteenth (15th) day of the succeeding month and in the event the postmarked envelope is dated after the fifteenth (15th) day, said contribution shall be considered delinquent.

    b.    Any Employer who is delinquent shall be assessed liquidated damages in the amount of twenty dollars ($20.00) or ten percent (10%) of the amount delinquent, whichever is greater.  This amount shall become due and payable to the Local #270 Trust Fund upon the day immediately following the date on which the Employer became delinquent and shall be added to and become part of said amount due and unpaid.

- 21 -

Section 2.  Within the jurisdiction of Local Union #270, effective July 1, 1984, a new defined contribution pension plan was established and the contribution as provided for in Article V, Section 1, shall be paid on all hours worked on and after July 1, 1984, on all employees who are participants in the original Defined Benefit Pension Plan.  The total contribution for pension including the amount for the defined benefit and defined contribution shall be paid on all employees who began their employment on and after July 1, 1984, who are not participants in the original Defined Benefit Pension Plan, and no contribution to the original Defined Benefit Pension Plan shall be paid on these new employees who began their employment after July 1, 1984.

ARTICLE XXIII -   GENERAL SAVINGS CLAUSE

Section 1.  Should any part or any provisions herein contained be rendered or declared illegal or an unfair labor practice by any State or Federal Court or the National Labor Relations Board, such invalidation of such part or portion of this Agreement shall not invalidate the remaining portions hereof:  provided, however, upon such invalidation the parties hereto agree to immediately meet and negotiate substitute provisions for such part or provisions rendered and/or declared illegal or an unfair labor practice. The remaining parts or provisions shall remain in full force and effect.

ARTICLE XXIV   -   AMENDMENTS TO THIS AGREEMENT

Section 1.  Nothing contained in this Agreement shall prohibit the Union and the LRC from negotiating and signing amendments or modifications to this Agreement to become effective prior to the anniversary date of this Agreement, providing such amendments or modifications are agreed to and signed by the Union, and all five (5) representatives of the Labor Relations Committee of the California Conference of Mason Contractor Associations, Inc. and the five (5) representatives shall include two (2) of the officers of the Labor Relations Committee of the CCMCA, Inc.

Section 2.  It is agreed by the LRC, the Union, all employers and workmen covered by this Agreement that any amendments or modifications to this Agreement enacted under Section 1, above, shall be binding on all parties covered by this Agreement.

ARTICLE XXV   -   TERM OF THIS AGREEMENT

Section 1.  The life or term of this Agreement is from July 1, 2000, through June 30, 2005, and said Agreement shall continue in full force and effect thereafter from year to year unless the LRC or the Union gives notice of its desire for change or amendment as hereinafter provided:  The party desiring the change shall give the other party notice in writing by certified mail of the proposed change or amendments not less than sixty (60) days nor more than ninety (90) days prior to June 30, 2005, or the expiration date of any

such succeeding year. In the event that any such notice is given, the other party shall, within thirty (30) days thereafter, give notice in writing of any change they may desire, and the LRC and the Union will then negotiate with regard to all such proposed changes and/or amendments.

This Agreement shall continue in effect pending such negotiations, subject to the right of either party hereto to terminate this Agreement upon thirty (30) days written notice by certified mail at any time after June 30, 2005, and this Agreement shall terminate at the conclusion of this thirty (30) days.

IN WITNESS WHEREOF, we, the authorized representatives of the Union and the LRC, have executed this Agreement for and on behalf of the individuals we represent on May 11, 2000, to be effective JULY 1, 2000, through JUNE 30, 2005:

LABOR RELATIONS COMMITTEE of the
California Conference of Mason
Contractor Associations, Inc.
7844 Madison Avenue, Suite #140
Fair Oaks, California 95628
Phone:  (916) 966-7666
  FAX:  (916) 966-1411

NORTHERN CALIFORNIA DISTRICT
COUNCIL of LABORERS affiliated
with the Laborers International
Union of North America, AFL-CIO
402  37th Street
Richmond, California 94805
Phone:  (510) 237-6132
  FAX:  (510) 232-9295

Don Sullivan, Chairman of the LRC

Jose A. Moreno, President

Ryan M. O'Brien, Secretary of LRC

Archie Thomas, Business Manager

Tony Rossi, Monterey-Santa Cruz

Don R. Payne, Asst. Business Mgr.

Perry O'Laughlin, Sacramento Chap.

Harold D. Mucker, Business Repre.

Ray Smith, Fresno Chapter

Bill Smith, Executive Board

Ralph Cannell, Executive Board

Thomas Scardina, Executive Board

- 23 -



MASON TENDER HIRING HALLS AND DISPATCH HOURS COVERED UNDER THIS AGREEMENT

NOTE:   The Counties within the jurisdiction of the Unions listed below are
        shown on page one (1) of this Agreement.

| LOCAL | CITY | STREET ADDRESS | PHONE | DISPATCH HOURS |
|-------|------|----------------|-------|----------------|
| #73 | Stockton | 2841 East Myrtle Street | (209) 466-3356 | 7:00 - 9:00 A.M. |
| #139 | Santa Rosa | 81 Barham Avenue | (707) 542-1107 | 7:00 - 9:00 A.M. |
| | Ukiah | 400 Talmage Road, #2 | (800) 451-4519 | 7:00 - 9:00 A.M. |
| | Eureka | 840 E Street, #14 | (707) 443-8588 | 7:00 - 9:00 A.M. |
| #185 | Sacramento | 1816 Tribute Road | (916) 648-9300 | 7:00 - 9:00 A.M. |
| | Redding | 1556 Hartnell Avenue | (530) 221-0961 | 7:00 - 9:00 A.M. |
| | Yuba City | 1650 Sierra Avenue, #206 | (530) 674-4707 | 7:00 - 9:00 A.M. |
| #270 | San Jose | 509 Emory Street | (408) 297-2620 | 7:00 - 9:00 A.M. |
| | Santa Cruz | 640 Eaton Street | (831) 475-7058 | 7:00 - 9:00 A.M. |
| #291 | San Rafael | 4174 Redwood Highway | (415) 492-0936 | 7:00 - 9:00 A.M. |
| #294 | Fresno | 5431 East Hedges Avenue | (559) 255-3019 | 7:00 - 9:00 A.M. |
| | Visalia | 319 North Church | (559) 734-9426 | 7:00 - 9:00 A.M. |
| #297 | Salinas | 117 Pajaro Street | (831) 422-7077 | 7:00 - 9:00 A.M. |
| | Monterey | 254 Casa Verde Way | (831) 648-1081 | 7:00 - 9:00 A.M. |
| #326 | Vallejo | 2920 Sonoma Blvd., Suite B | (707) 643-7214 | 7:00 - 9:00 A.M. |
| #1130 | Modesto | 2549 Yosemite Blvd., #K | (209) 521-9883 | 7:00 - 9:00 A.M. |



HODCARRIER LOCAL UNIONS COVERED UNDER THEIR OWN SEPARATE AGREEMENTS

| | | | | |
|-------|-----------|----------------------|----------------|----------------|
| #36 | Daly City | 6229 A Mission Street | (650) 756-6651 | 7:00 - 9:00 A.M. |
| | | Covers San Francisco & San Mateo Counties | | |
| #166 | Oakland | 8400 Enterprise Way, #109 | (510) 568-0141 | 7:00 - 9:00 A.M. |
| | | Covers Alameda and Contra Costa Counties | | |

Jun 18 2007 11:12AM   Asbestos Management Group   5106548442                    P.2

## APPENDIX A. AGREEMENT TO BE BOUND

The undersigned, as a Contractor or Subcontractor ("Employer") performing work for the East Side Union High School District which are paid for in full or in part with Measure G bond monies, including state matching monies, (hereinafter "Project"), for and in consideration of the award to it of a contract to perform work on said Project, and in further consideration of the mutual promises made in the Project Labor Agreement for the Project (hereinafter "Agreement"), a copy of which was received and is acknowledged, hereby:

1.  Accepts and agrees to be bound by the terms and conditions of this Agreement and all appendixes, together with any and all amendments and supplements now existing or which are later made to said Agreement.

2.  Certifies that it has no commitments or agreements, which would preclude its full and complete compliance with the terms and conditions of said Agreement;

3.  Agrees to secure from any Contractor (as defined in said Agreement), which is or becomes a subcontractor (of any tier) to it, and from any successors, a duly executed Agreement to be Bound in form identical to this document.

4.  Employer agrees that it shall be bound by all applicable trust agreements and plans for the provision of such fringe benefits as accrue to the direct benefit of the employees including, but not limited to, Health and Welfare, Pension, Training, Vacation and/or other direct benefits provided pursuant to the appropriate craft agreement contained in Schedule "A" of the Project Agreement.

Dated: __6/19/07__

Asbestos Management Group of California

(Print Name of Company)

By _____

Brent Bates, President

Contractor's State License # __586874__

LVI Environmental Services, Inc. dba

ICONCO/LVI Demolition Services

Name of Prime Contractor or Higher level

Subcontractor)

(Bid # B-16-06-07)

Document00205ProjectLaborAgreementv2

A-28

JS 44 - Hto. CALIF   (Rev. 4/97)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO)

**I. (a) PLAINTIFFS**

CARLOS LUJAN AND RYAN O'BRIEN AS TRUSTEES OF THE NORTHERN CALIFORNIA DISTRICT COUNCIL OF LABORERS LOCAL UNION #270 HEALTH & WELFARE TRUST FUND; DENTAL FUND; VACATION FUND, UNION ADMINISTRATION FUND, PLASTERERS TRAINING FUND, PENSION I FUND, AND PENSION II FUND; AND LABORERS LOCAL UNION #270 HOD CARRIERS DIVISION

**DEFENDANTS**

LVI ENVIRONMENTAL SERVICES, INC.,
a California Corporation, dba
ICONCO/LVI DEMOLITION SERVICES

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

Santa Clara

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.   Alameda

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Sue Campbell, Attorney at Law    (408) 277-0648
1155 North First Street, Suite 101
San Jose, California 95112

ATTORNEYS (IF KNOWN)

C08   02523   RS

**II. BASIS OF JURISDICTION** (PLACE AN "✓" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "✓" IN ONE BOX FOR PLAINTIFF
(For diversity cases only)                          AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN**   *(PLACE AN "✓" IN ONE BOX ONLY)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT**   *(PLACE AN "✓" IN ONE BOX ONLY)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | | ☐ 640 RR & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth In Lending | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| | | | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| | | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☒ 791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motion to Vacate Sentence Habeas Corpus: | | ☐ 870 Taxes (US Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 General | | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing | ☐ 535 Death Penalty | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Civil Rights | | | |
| ☐ 290 All Other Real Property | | ☐ 555 Prison Condition | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

U.S. CIVIL STATUTE:      29 U.S.C. Sections 185, 1132
STATEMENT OF CAUSE:    Violation of ERISA, nonpayment of employee benefits

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☐ YES   ☐ NO

**VIII. RELATED CASE(S) IF ANY**    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT** (CIVIL L.R. 3-2) (PLACE A "✓" IN ONE BOX ONLY)   ☐ SAN FRANCISCO/OAKLAND   ☒ SAN JOSE

DATE
5/14/08

SIGNATURE OF ATTORNEY OF RECORD
SUE CAMPBELL